UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL PERUGINI<br>*Plaintiff*, | :<br>:<br>: | |
| v. | : | No. 3:18-CV-2095 (VLB) |
| CITY OF BRISTOL, ET AL.,<br>*Defendants.* | :<br>:<br>: | January 31, 2020 |

### Ruling and Order on Motion for Protective Order [Dkt. 49]

Defendants City of Bristol, Mark Kichar, and Rodney Gotowala (Defendants) move for a protective order requiring that their depositions be conducted at a neutral location, as opposed to the location currently noticed, *pro se* Plaintiff Michael Perugini's ("Perugini's) Wolcott residence. [Dkt. 49]; [Dkt. 49-1 (Ex. A. (Dep. Notice)].. Perugini objects, and requests that the individual Defendants be compelled to attend their depositions without carrying their firearms. [Dkt. 50]. The Defendants respond. [Dkt. 51]. After considering the briefing, the Court GRANTS Defendants' motion for a protective order requiring that Kichar and Gotowala's depositions occur at a neutral site. The Court DENIES Perugini's request for a protective order requiring that Defendants' refrain from carrying their firearms at their depositions.

I. **Analysis**
*A. Motion for Protective Order Requiring Depositions Taken by Michael Perugini to be Noticed and Conducted at a Neutral Location*

Generally, the party who notices a deposition is entitled to choose its location. *Aztec Energy Partners, Inc. v. Sensor Switch, Inc.,* No. 3:07–CV–775

(AHN), 2008 WL 747660, at *2 (D. Conn. Mar.17, 2008); *see also* Fed. R. Civ .P. 30(b)(1) (dictating that notice "must state the time and place of the deposition"). But, under Federal Rule of Civil Procedure 26(c):

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [as requested in this case]
>
>> ... (B) specifying terms, including time and place, for the disclosure or discovery."

Fed. R. Civ. P. 26(c). "Courts are endowed with broad discretion to tailor protective orders to the circumstances of a particular litigation." *In re Zyprexa Injunction,* 474 F.Supp.2d 385, 413 (E.D.N.Y. 2007). This includes compelling that depositions take place at a location other than the one noticed in the deposition. *See Brockway v. Veterans Admin. Healthcare Sys.*, No. 3:10-CV-719(CSH), 2011 WL 1459592, at *5 (D. Conn. Apr. 15, 2011) (compelling Plaintiff to hold depositions at USAO office rather than home residence).

The Court determines whether there is good cause for a protective order by considering the "cost, convenience, and litigation efficiency of the designated location," Perugini's home office, compared to a neutral location. *Id.* at 5 (quotations omitted). In making its determination, the Court keeps in mind that the plaintiff, as the bringer of the action is "generally the party who must bear any reasonable burdens of inconvenience that the action represents." *Id.* (collecting cases).

The Court begins with litigation efficiency, as it is the main factor under which Defendants argue. Defendants argue that Perugini's home residence is an emotionally charged location as it is the scene of the arrest underlying Perugini's claims. [Dkt. 49 at 2, 4]. Defendants demonstrate that the fraught nature of the underlying events has made previous depositions difficult. [Dkt. 49-2 (Ex. B, Pl. Dep., pp. 31-32, 33, 36, 56, 74, 83)]. For instance, after reviewing brief video clips related to his arrest during his deposition, Perugini testified, "You should have let me watch this because I get more enraged when I watch this." *Id.* at 74; *see also* p. 83 ("Q: You write: I was distraught, angry, embarrassed, and upset – A. Very. You can see that I still am when it's refreshed. Trying to forget it."). Defendants also point to Perugini's use of profanity and insulting remarks about Defendants. *Id.* at 19, 26, 31-32, 33, 36, 39, 71, 73, 74. They argue that the additional emotion introduced by the proposed deposition space may frustrate the purposes of these depositions. Perugini responds that he is very much concerned for everyone's safety, and that he exhibited no hostilities at his deposition, but rather annoyance. [Dkt. 50 at 2]. The Court acknowledges that Perugini is himself concerned about safety. In light of the emotionally charged subject, however, the Court finds that Perugini's proposed deposition location may raise everyone's emotion, and thereby frustrate the purposes of the deposition.

The Court also considers cost and convenience. Perugini argues that moving the location away from his home will be inconvenient for him, especially as he would like to use audio-visual equipment, and also increase

the costs of his court reporter. [Dkt. 50 at 2]. But given that the Defendants propose moving the deposition within the state, and less than thirty-five miles away, the Court finds that the difference in costs and convenience will be modest and is outweighed by the benefits to litigation efficiency. Further, as the party who brought the action, Perugini must bear any reasonable burden of inconvenience. The Court also expects that the Defendants will work with Perugini to ensure that, wherever the depositions are ultimately located, Perugini will be able to exhibit body camera footage and other evidence during the depositions.

After considering each factor, the Court finds that there is good cause for the deposition location to be at a neutral site and GRANTS Defendants' motion for a protective order requiring that the depositions of the Defendants be conducted at a neutral location. Such a neutral location may be a courthouse, City of Bristol government offices, or even Defendants' counsel's offices, if Perugini is comfortable with them.

### B. Request for Protective Order Barring Defendants from Carrying Firearms at Their Deposition

Perugini requests that the Court to require Kichar and Gotowala to refrain from carrying firearms at their deposition. [Dkt. 50 at 3-4]. The Court considers the same cost, convenience, and litigation efficiency factors. Here, all parties profess a concern in everyone's safety and security, and no party suggests that the presence of the Defendants' weapons will be threatening or frustrate the purposes of the litigation. The Court also finds that it would

be modestly inconvenient for the Defendants to not carry their firearms as their firearms are part of their working uniform. Therefore, given that there is little cost or benefit either way, the Court finds that there is no good cause for such a protective order and DENIES Perugini's request.

II. Conclusion

After considering the briefing, the Court GRANTS Defendants' motion for a protective order requiring that Defendants' depositions occur at a neutral site. [Dkt. 49]. The Court DENIES Perugini's request for a protective order requiring that Defendants' refrain from carrying their firearms at their depositions.

SO ORDERED at Hartford, Connecticut, this 31 st day of January 2020.

/s/
Vanessa L. Bryant
United States District Judge